**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:25-cr-196 |
| vs. | : | JUDGE WATSON |
| RICHARD TYLER CAMPBELL, | : | |
| Defendant. | : | |

# **SENTENCING MEMORANDUM**

Defendant Richard Tyler Campbell, through undersigned counsel, respectfully submits the following Sentencing Memorandum for the Court's consideration pursuant to 18 U.S.C. § 3553.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
41 South High Street, Suite 1800
Columbus, Ohio 43215
P: (614) 334-6199
F: (614) 221-2007
dthomas@taftlaw.com

Counsel for Defendant

# MEMORANDUM

Richard Tyler Campbell accepts responsibility for his conduct and recognizes the seriousness of the offenses to which he pleaded guilty. He understands the grave harm caused to the child victimized in this matter, all the families involved, and the children depicted in the images involved in the offense. Nothing in this memorandum seeks to minimize that harm or to suggest that Mr. Campbell should avoid a substantial term of imprisonment.

The issue for sentencing is instead the individualized one required by § 3553(a): what sentence is sufficient, but not greater than necessary, to accomplish the statutory purposes of sentencing. Mr. Campbell respectfully submits that a sentence of 180 months imprisonment, followed by a fifteen-year term of supervised release with appropriately tailored conditions, would reflect the seriousness of the offense, provide just punishment, protect the public, promote deterrence, and facilitate the treatment necessary to reduce future risk.

**Factual and Procedural Background**

Following his arrest on March 20, 2025, Mr. Campbell was cooperative with law enforcement. He promptly accepted counsel's assistance and authorized undersigned counsel to begin engaging with the Government on his behalf. From the outset of that representation, counsel worked to resolve the matter and provided the Government with information concerning a related defendant who had not yet been arrested at that time. That early cooperation preceded Mr. Campbell's decision to plead guilty and resolve this matter without protracted litigation.

On November 25, 2025, the United States filed a three-count Information charging Richard "Tyler" Campbell as the sole defendant. Count One charged Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e). Count Two charged Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Count Three charged Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

On December 10, 2025, Mr. Campbell pleaded guilty to all three counts pursuant to a plea agreement under Rule 11(c)(1)(A). By pleading guilty, Mr. Campbell accepted responsibility for the charged conduct, avoided a contested trial involving highly sensitive evidence, and spared the identified victims and their families the additional burden, uncertainty, and publicity that trial would have created.

The final Presentence Investigation Report calculates a total offense level of 43, a criminal-history category of I, and an advisory guideline range of 840 months' imprisonment. The parties have preserved objections to the final PSI, which Mr. Campbell addresses below. The Guidelines are an important starting point, but they remain advisory. *United States v. Booker*, 543 U.S. 220 (2005). The Court must make an individualized assessment based on all the factors in 18 U.S.C. § 3553(a) and impose a sentence sufficient, but not greater than necessary, to satisfy the purposes of federal sentencing. *Gall v. United States*, 552 U.S. 38, 49–50 (2007).

Mr. Campbell is 36 years old. He has some college education and a record of employment in food service, banking, and technical support. His history also includes significant mental-health concerns. The PSI identifies diagnoses of bipolar disorder, post-traumatic stress disorder, major depressive disorder, and generalized anxiety disorder. It also reports that Mr. Campbell experienced sexual abuse as both a child and an adult.

These circumstances do not excuse Mr. Campbell's conduct, diminish his responsibility, or minimize the harm to the victims. They are relevant, however, to the sentencing determination Congress requires under § 3553(a)(1) and § 3553(a)(2)(D). They identify serious, longstanding treatment needs that bear on the appropriate conditions of incarceration, the reduction of future risk, and any eventual safe return to the community.

Mr. Campbell has been in custody since March 20, 2025. He recognizes that the sentence in this case will require him to spend a substantial portion of his adult life in prison.

**Guideline Objections**

Mr. Campbell respectfully incorporates his written objections to the final PSI. Those objections concern the application of the vulnerable-victim enhancement under U.S.S.G. § 3A1.1(b)(1) and the proper distribution enhancement under U.S.S.G. § 2G2.2(b)(3). The defense requests that the Court resolve those issues under the guideline text, the record, and the Government's burden to prove disputed sentencing facts by a preponderance of the evidence.

Mr. Campbell's objections do not minimize the seriousness of the offense conduct or the harm to the victims. They seek only an accurate advisory guideline calculation. Once the Court determines that calculation, it must separately apply the parsimony command of § 3553(a) and impose a sentence sufficient, but not greater than necessary, based on the complete, individualized record.

**A 180-Month Sentence Is Sufficient, and a Guideline Sentence Is Greater Than Necessary**

Section 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). In this case, a substantial below-guideline sentence would satisfy that directive.

**The Nature and Circumstances of the Offense and Mr. Campbell's History and Characteristics Support an Individualized Sentence**

The conduct in this case is serious. Mr. Campbell does not dispute that. The offenses involved the exploitation of an 11-year-old child, the receipt and distribution of child sexual abuse material, and communications with others concerning the sexual exploitation of minors. The identified victims suffered real harm. The children depicted in the material suffered real harm. Mr. Campbell recognizes that each possession, receipt, or distribution of child sexual abuse material perpetuates the injury to the children depicted.

Those facts require a severe sentence. But they do not eliminate the Court's duty to consider Mr. Campbell as an individual. Section 3553(a)(1) directs the Court to consider both the nature and circumstances of the offense and the history and characteristics of the defendant.

Mr. Campbell is not defined solely by the conduct for which he is being sentenced. Before these offenses, he pursued education, maintained employment, and received support from family. At the same time, he has a documented, longstanding history of serious mental-health challenges, including bipolar disorder, post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder, suicidal ideation, and a prior suicide attempt. He also has a documented history of sexual victimization and has participated in mental-health treatment while detained.

Mr. Campbell's mental-health history predates this prosecution and is corroborated by both treatment records and current correctional records. After disclosing sexual abuse to his family in seventh grade, he participated in counseling through Kettering Health Miamisburg. In 2011, he underwent a psychological evaluation after experiencing anxiety, depression, suicidal ideation, increased impulsivity, and episodes of rage. The records reflect that he had attempted suicide approximately two weeks before that evaluation and was diagnosed with Major Depressive Disorder. He later reported a bipolar-disorder diagnosis and participation in outpatient therapy,

which ended when his insurance changed. More recently, CCNO records confirm diagnoses of bipolar disorder, post-traumatic stress disorder, major depressive disorder, and generalized anxiety disorder. They also confirm that he is prescribed psychiatric medication, completed a mental-health assessment in April 2025, and has participated in group therapy while detained. [PSI ¶¶ 95–98.]

Mr. Campbell also reported that he was sexually assaulted by a former friend in 2024 and that he has discussed that trauma in counseling while detained at CCNO. He has expressed a desire to continue mental-health treatment in light of the stress and consequences of this case. These circumstances do not excuse his criminal conduct. They do, however, demonstrate that his treatment needs are longstanding, serious, and ongoing. A sentence that combines substantial custody with sustained mental-health and sex-offender-specific treatment is better calculated to address those needs and reduce future risk than a sentence that relies on incarceration alone. [PSI ¶¶ 97–98.]

The defense does not present those facts as an excuse. They are not. Rather, they provide essential context for fashioning a sentence that does more than punish. They identify treatment needs that must be addressed if the sentence is to reduce the risk of future harm. A serious sentence that includes sustained mental-health and sex-offender treatment is more consistent with the individualized assessment required by § 3553(a) than a sentence based exclusively on incapacitation.

**Mr. Campbell's Early Cooperation and Prompt Acceptance of Responsibility Merit Meaningful Weight**

Mr. Campbell's acceptance of responsibility began immediately after his federal arrest on March 20, 2025. He cooperated with law enforcement and promptly authorized undersigned counsel to begin discussions with the Government. At the outset of the federal case, counsel



304533122v1

provided the Government information concerning a related defendant who had not yet been arrested.

Mr. Campbell thereafter pleaded guilty on December 10, 2025, to every count of the Information: Sexual Exploitation of a Minor, Receipt and Distribution of Child Pornography, and Possession of Child Pornography. He did not require the Government to obtain an indictment, litigate pretrial motions, or prove this sensitive matter at trial.

His decision to plead guilty followed his early cooperation and his authorization for counsel to provide information concerning a related defendant who remained at large at that time. Mr. Campbell's plea resolved his own case without contested pretrial litigation or trial and spared the victims and their families the additional uncertainty, publicity, and trauma that such proceedings could have imposed.

Mr. Campbell's cooperation and guilty plea do not diminish the seriousness of his conduct or the harm to the victims. They do, however, bear directly on the individualized sentencing inquiry. They demonstrate that he did not attempt to evade responsibility, force the Government to litigate a trial involving deeply sensitive material, or subject the victims and their families to the uncertainty and added trauma of protracted proceedings. His conduct after arrest is relevant evidence of accountability, remorse, and his willingness to engage in the treatment and supervision necessary to reduce future risk.

A sentence of 180 months would be a severe punishment: fifteen years in federal prison, followed by fifteen years of strict federal supervision. Such a sentence would promote respect for the law, provide just punishment, and provide meaningful specific deterrence without extending imprisonment beyond what is necessary to accomplish those purposes.

The requested sentence is severe. Fifteen years is the statutory mandatory minimum for Count One, and it represents a lengthy period of federal incarceration for a 36-year-old defendant who has already been detained since March 2025. When followed by a substantial term of supervised release—including sex-offender treatment, mental-health treatment, technology restrictions and monitoring, and limits on contact with minors—it provides both a substantial period of incapacitation and a structured framework for public protection after release. The defense submits that this sentencing package, rather than additional decades of incarceration, is sufficient to satisfy the statutory purposes of sentencing in Mr. Campbell's individual circumstances.

**Protection of the Public Requires Custody, Treatment, and Long-Term Supervision**

Protection of the public is properly a central concern in this case. The defense does not ask the Court to discount that concern. The appropriate response, however, is a sentencing package that combines substantial incarceration with treatment and targeted long-term supervision.

A substantial custodial term will incapacitate Mr. Campbell for many years. During custody, the Bureau of Prisons should be encouraged to provide appropriate psychological and sex-offender programming, subject to its classification authority and available programming. Such treatment is particularly important in light of Mr. Campbell's documented mental-health history and the need to address the conduct underlying his convictions.

Following release, supervision conditions can provide an additional and substantial layer of public protection. Those conditions may include sex-offender-specific treatment, mental-health treatment, restrictions and monitoring of Internet-capable devices, restrictions on contact with minors except as approved by the Probation Office, and other conditions the Court finds necessary and appropriate. A lengthy term of supervised release will permit the Probation Office to monitor

compliance and manage any future risk during the period when Mr. Campbell returns to the community.

A term of 180 months imprisonment, followed by a fifteen-year term of supervised release with carefully tailored conditions, would therefore advance § 3553(a)(2)(C) without imposing a prison sentence longer than necessary.

**Treatment Is an Essential Part of a Sentence That Protects the Public**

Section 3553(a)(2)(D) directs the Court to consider the need to provide the defendant with needed medical care or other correctional treatment in the most effective manner. That factor has particular importance here.

As discussed above, the PSI and corroborating treatment records establish that Mr. Campbell's mental-health needs are longstanding and substantial. Mr. Campbell must confront those issues honestly and participate meaningfully in treatment. Treatment will not eliminate accountability for the past, but it is an essential component of reducing future risk and protecting the public.

Mr. Campbell respectfully requests that the Court recommend designation to a Bureau of Prisons institution with appropriate sex-offender and mental-health programming, subject to the Bureau of Prisons' ultimate classification and designation authority. He also requests a recommendation that he be considered for available psychological, trauma-informed, cognitive-behavioral, and sex-offender treatment programming for which he is eligible.

Upon release, the Court should require continued participation in mental-health and sex-offender-specific treatment as directed by the Probation Office. Mr. Campbell does not seek to avoid these conditions. He recognizes that meaningful treatment and rigorous supervision are necessary components of a sentence that protects the public.

**The Available Statutory Penalties Demonstrate That a Severe Sentence Is Available Without Imposing More Than Necessary**

Count One carries a mandatory minimum term of 15 years' imprisonment and a maximum term of 30 years. Count Two carries a mandatory minimum term of 5 years' imprisonment and a maximum term of 20 years. Count Three carries a maximum term of 20 years' imprisonment. Mr. Campbell also faces a mandatory special assessment, forfeiture, restitution and/or statutory victim assessments as applicable, and a substantial term of supervised release.

Those statutory penalties provide the Court with broad authority to impose a grave and meaningful sentence. The advisory guideline calculation is a relevant benchmark, but it does not displace the Court's obligation to decide whether a guideline sentence would be greater than necessary in light of the particular defendant and the full § 3553(a) record. The requested sentence would impose fifteen years in federal prison, followed by a fifteen-year term of supervised release. It would account for the seriousness of the offenses, afford deterrence, protect the public, provide just punishment, and preserve the opportunity for meaningful treatment.

**A Below-Guideline Sentence Would Not Create an Unwarranted Disparity**

Section 3553(a)(6) requires the Court to avoid unwarranted sentencing disparities among similarly situated defendants. It does not require mechanical parity among defendants whose conduct, roles, criminal histories, convictions, acceptance of responsibility, and individual characteristics differ.

The sentences imposed on related defendants demonstrate why an individualized analysis is necessary. Christian Toms, who sexually abused his own 11-year-old child and was convicted of the same three federal offenses, received a 420-month sentence. Bryan Adams received 78 months, and Tyler Congrove received 65 months, based on different offenses and different roles

in the broader investigation. Carson Bigham's sentence should be addressed, if appropriate, based on the final record at the time of Mr. Campbell's sentencing.

These sentences should not be treated as a mathematical formula. Mr. Campbell's sentence must reflect his own conduct, acceptance of responsibility, personal history, treatment needs, and the need for long-term supervision. A 180-month sentence would remain fully consistent with § 3553(a)(6). It would impose an exceptionally serious custodial penalty while accounting for Mr. Campbell's particular conduct, early cooperation, guilty plea, personal history, treatment needs, and the fifteen-year period of supervised release that would follow. The material differences among the related defendants' conduct and convictions confirm that the Court should not treat any one co-defendant's sentence as a mechanical benchmark.

**Restitution and Forfeiture Remain Important Considerations**

Mr. Campbell recognizes that the Court must impose restitution and other financial obligations as required by law and supported by the record. He also recognizes the forfeiture provisions of the plea agreement.

The defense does not suggest that restitution diminishes the severity of the offenses. But § 3553(a)(7) specifically directs the Court to consider the need to provide restitution to victims. Because Mr. Campbell will serve a substantial term of imprisonment, his realistic capacity to meet financial obligations will depend largely on lawful employment after his eventual release. A sentence sufficient, but not greater than necessary, will preserve the greatest realistic opportunity for Mr. Campbell eventually to work lawfully, comply with supervision, and satisfy court-imposed financial obligations to the extent he is able.

**Conclusion**

Richard "Tyler" Campbell accepts responsibility for his conduct. He understands that he must receive a substantial sentence of imprisonment and that he will remain subject to significant restrictions and supervision after his release.

For the reasons set forth above, Mr. Campbell respectfully requests that the Court impose a sentence of 180 months' imprisonment, followed by a fifteen-year term of supervised release with appropriately tailored sex-offender, mental-health, computer-monitoring, and no-contact-with-minors conditions; order forfeiture and restitution as required by law; and recommend designation to a Bureau of Prisons institution with appropriate sex-offender and mental-health programming, subject to the Bureau of Prisons' authority. A sentence structured in this manner would be sufficient, but not greater than necessary, to satisfy the purposes of 18 U.S.C. § 3553(a).

Respectfully submitted,

**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
41 South High Street, Suite 1800
Columbus, Ohio 43215
P: (614) 334-6199
F: (614) 221-2007
dthomas@taftlaw.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Assistant U.S. Attorney Emily Czerniejewski, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, on September 28, 2026, by electronic mail.

**/s/ David H. Thomas**
DAVID H. THOMAS